Filed 3/16/21  P. v. Neighbors CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK NEIGHBORS,<br><br>    Defendant and Appellant. | 2d Crim. No. B303512<br>(Super. Ct. No. 19PT-00933)<br>(San Luis Obispo County) |

Mark Neighbors appeals a judgment committing him for treatment as a mentally disordered offender (MDO) under Penal Code section 2962.[1]  We conclude, among other things, that Neighbors's crime of annoying or molesting a child (§ 647.6, subd. (c)(2)), a felony, based on the facts of this case, does not constitute conduct that falls within the MDO commitment criteria.  We reverse.

---

[1] All statutory references are to the Penal Code.

## FACTS

Neighbors was convicted of felony annoying or molesting a child. (§ 647.6, subd. (c)(2).) He was sentenced to four years in state prison.

On October 1, 2019, after the Board of Parole Hearings (BPH) determined Neighbors met the criteria for MDO commitment, Neighbors filed a petition for appointment of counsel and a hearing. The superior court appointed counsel. Neighbors waived his right to a jury trial.

At trial, Kevin Perry, a clinical psychologist for the Department of State Hospitals, testified Neighbors has a severe mental disorder – a severe bipolar disorder with "psychotic features." He has delusional beliefs about being a CIA or federal agent. Neighbors's severe mental disorder was an aggravating factor in his felony commitment offense of annoying or molesting a child. (§ 647.6, subd. (c)(2).)

Neighbors was a registered child sex offender who went to an elementary school. He was a sex offender and not authorized to be near a school without permission of school authorities. He approached two children. Neighbors asked them if they wanted money. He then "approached a 12-year-old-boy in front" of the school. He stepped in front of that child who was on a skateboard, blocking the child's path. Neighbors stuck his hand out. He asked the boy if he wanted change. When Neighbors saw that the child's mother was approaching, he put his hands in his pockets. The child started to skate toward the school. Neighbors followed in that direction, until the child's mother called out at Neighbors. He then walked in the opposite direction. The child's mother was frightened by Neighbors's conduct.

2

Perry testified that Neighbors's mental disorder is not in remission. Neighbors reported hearing voices. He cannot be kept in remission without treatment. He did not follow his treatment plan. He refused to take medications. He had threatened staff. He represents a "substantial danger of physical harm to others" by reason of his severe mental disorder. He lacks insight about his mental disorder. He does not understand his need for treatment. He has a "past history of violence," including "spousal rape" in 1996. He meets all the criteria for "continued treatment as a mentally disordered offender."

The trial court found Neighbors met the criteria for commitment for treatment as an MDO.

DISCUSSION

*A Qualifying MDO Commitment Offense?*

Neighbors contends the evidence does not support a finding that he "used or threatened force or violence in the commission of his committing offense." He claims consequently the judgment committing him as an MDO must be reversed. We agree.

We view the evidence in the light most favorable to the judgment drawing all reasonable inferences in support of the court's findings. We do not decide the credibility of witnesses or weigh the evidence. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206-1207.)

"Before a prisoner may be committed as an MDO, the court must find that he or she committed (1) an offense listed in section 2962, subdivision (e)(2); (2) an offense not listed in which he or she 'used force or violence, or caused serious bodily injury' (§ 2962, subd. (e)(2)(P)); or (3) '[a] crime in which the perpetrator expressly or impliedly threatened another with the use of force or violence likely to produce substantial physical harm in such a

3

manner that a reasonable person would believe and expect that the force or violence would be used' (§ 2962, subd. (e)(2)(Q) . . . .). 'For purposes of this subparagraph, substantial physical harm shall not require proof that the threatened act was likely to cause great or serious bodily injury.' " (*People v. Itehua* (2014) 227 Cal.App.4th 356, 359, italics omitted.)

Section 647.6 subdivision (a)(1) provides: "Every person who annoys or molests any child under 18 years of age shall be punished by a fine not exceeding five thousand dollars ($5,000), by imprisonment in a county jail not exceeding one year, or by both fine and imprisonment."

Neighbors was convicted of section 647.6, subdivision (c)(2). Under that subdivision, the section 647.6 offense is a felony where the defendant has a prior conviction of a sexual offense against a child. (§ 647.6, subd. (c)(2).) Neighbors had a prior felony conviction for lewd and lascivious acts with a child. (§ 288, subd. (c)(1).)

But whether a felony or a misdemeanor, section 647.6 is not one of the enumerated offenses listed as MDO commitment crimes in section 2962, subdivision (e)(2). That section lists a number of sexual offenses against children that are MDO commitment offenses, including lewd acts on a child under 14 years of age (§ 288), and continuous sexual abuse (§ 288.5). (§ 2962, subd. (e)(2)(I) & (J).) The section 647.6 offense does not come within the category of such serious sexual offenses. Moreover, Neighbors made no sexual comments or sexual gestures to any child. He did not touch the children. He did not engage in any lewd act, nor did he disrobe or expose himself to any child. His offense does not fall within the first category of MDO commitment offenses.

The facts of Neighbors's offense also do not fall within the second category of MDO commitment offenses. (§ 2962, subd. (e)(2)(P).) His crime did not involve the use of "force or violence" against children. True, his conduct was strange. He asked children if they wanted money and stepped in front of a child on a skateboard. But Neighbors did not use force or violence against any child.

Neighbors's offense also does not fall within the final category of MDO commitment offenses. This category involves "[a] crime in which the perpetrator expressly or impliedly *threatened another with the use of force or violence* likely to produce substantial physical harm in a manner that a reasonable person would believe and expect that the force or violence would be used." (§ 2962, subd. (e)(2)(Q), italics added.)

Neighbors made no threats against the children or any other person. He did not engage in a pattern of harassment. Simply asking if a child wants money or stepping in front of a skateboard does not constitute an express or implied threat to use force or violence. Neighbors was a registered sex offender. But the issue is whether *this current offense* qualifies for an MDO commitment. Because Neighbors does not fall within the three statutory categories for an MDO commitment, the judgment must be reversed.

DISPOSITION

The judgment is reversed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


PERREN, J.



TANGEMAN, J.

Timothy S. Covello, Judge

Superior Court County of San Luis Obispo

_____

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.